IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

COACH, INC. and COACH SERVICES, INC.,

    Plaintiffs,

vs.

THE TOWN PEDDLER, INC. d/b/a THE TOWN PEDDLER CRAFT AND ANTIQUE MALL,

    Defendant.

Case No. 10-cv-12152

Honorable Sean F. Cox

---

Philip S. Holloway
GONZALEZ, SAGGIO and HARLAN, L.L.C.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 4525
Chicago, Illinois 60601
(312) 236-0475
(312) 236-1750 (fax)
hollop@gshllp.com
*Attorneys for Plaintiff*

John S. Artz
DICKINSON WRIGHT PLLC
38525 Woodward, Suite 2000
Bloomfield Hills, Michigan 48304
(248) 433-7200
(248) 433-7274
jsartz@dickinsonwright.com
*Attorneys for Defendants*

---

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT THE TOWN PEDDLER

Defendant, The Town Peddler, Inc. d/b/a The Town Peddler Craft and Antique Mall ("Defendant"), by and through its undersigned counsel, answers the Complaint filed by Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs") as follows:

### Nature Of The Action

1. With respect to the allegations contained in paragraph 1 of Plaintiffs' Complaint, Defendant admits that the Complaint contains various allegations relating to trademark and trade dress infringement under the Lanham Act and copyright infringement under the Copyright Act, but Defendant denies that any such violations occurred.

## Jurisdiction and Venue

2. With respect to the allegations contained in paragraph 2 of Plaintiffs' Complaint, Defendant admits them.

3. With respect to the allegations contained in paragraph 3 of Plaintiffs' Complaint, Defendant admits them.

4. With respect to the allegations contained in paragraph 4 of Plaintiffs' Complaint, Defendant admits them.

## The Parties

5. With respect to the allegations contained in paragraph 5 of Plaintiffs' Complaint, Defendant is without sufficient information upon which to formulate an answer, and therefore denies them.

6. With respect to the allegations contained in paragraph 6 of Plaintiffs' Complaint, Defendant admits them.

## The World Famous Coach Brand and Products

7. With respect to the allegations contained in paragraph 7 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 6 above, as if specifically restated herein.

8. With respect to the allegations contained in paragraph 8 of Plaintiffs' Complaint, Defendant incorporates by reference it answers to paragraphs 1 though 6 above, as if specifically restated herein.

9. With respect to the allegations contained in paragraph 9 of Plaintiffs' Complaint, Defendant states that its answers to the following factual allegations are now set forth for purposes of answering the legal counts alleged in the Complaint, *infra*.

10. With respect to the allegations contained in paragraph 10 of Plaintiffs' Complaint, Defendant is without sufficient information upon which to formulate an answer, and therefore denies them.

11. With respect to the allegations contained in paragraph 11 of Plaintiffs' Complaint, Defendant is without sufficient information upon which to formulate an answer, and therefore denies them.

12. With respect to the allegations contained in paragraph 12 of Plaintiffs' Complaint, Defendant is without sufficient information upon which to formulate an answer, and therefore denies them.

## The Coach Trademarks

13. With respect to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant denies them.

14. With respect to the allegations contained in paragraph 14 of Plaintiffs' Complaint, Defendant denies them.

15. With respect to the allegations contained in paragraph 15 of Plaintiffs' Complaint, Defendant denies them.

16. With respect to the allegations contained in paragraph 16 of Plaintiffs' Complaint, Defendant denies them.

17. With respect to the allegations contained in paragraph 17 of Plaintiffs' Complaint, Defendant denies them.

18. With respect to the allegations contained in paragraph 18 of Plaintiffs' Complaint, Defendant denies them.

## The Coach Trade Dress

19. With respect to the allegations contained in paragraph 19 of Plaintiffs' Complaint, Defendant denies them.

20. With respect to the allegations contained in paragraph 20 of Plaintiffs' Complaint, Defendant denies them.

21. With respect to the allegations contained in paragraph 21 of Plaintiffs' Complaint, Defendant denies them.

22. With respect to the allegations contained in paragraph 22 of Plaintiffs' Complaint, Defendant denies them.

## The Coach Design Elements -- Copyrights

23. With respect to the allegations contained in paragraph 23 of Plaintiffs' Complaint, Defendant denies them.

24. With respect to the allegations contained in paragraph 24 of Plaintiffs' Complaint, Defendant denies them.

25. With respect to the allegations contained in paragraph 25 of Plaintiffs' Complaint, Defendant denies them.

26. With respect to the allegations contained in paragraph 26 of Plaintiffs' Complaint, Defendant denies them.

## Defendants' Acts of Infringement and Unfair Competition

27. With respect to the allegations contained in paragraph 27 of Plaintiffs' Complaint, Defendant denies them.

28. With respect to the allegations contained in paragraph 28 of Plaintiffs' Complaint, Defendant denies them.

29. With respect to the allegations contained in paragraph 29 of Plaintiffs' Complaint, Defendant denies them.

30. With respect to the allegations contained in paragraph 30 of Plaintiffs' Complaint, Defendant denies them.

31. With respect to the allegations contained in paragraph 31 of Plaintiffs' Complaint, Defendant denies them.

32. With respect to the allegations contained in paragraph 32 of Plaintiffs' Complaint, and therefore denies them.

33. With respect to the allegations contained in paragraph 33 of Plaintiffs' Complaint, Defendant denies them.

## COUNT I
### (Trademark Counterfeiting, 15 U.S. C. § 1114)

34. With respect to the allegations contained in paragraph 34 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 33 above, as if specifically restated herein.

35. With respect to the allegations contained in paragraph 35 of Plaintiffs' Complaint, Defendant denies them.

36. With respect to the allegations contained in paragraph 36 of Plaintiffs' Complaint, Defendant denies them.

37. With respect to the allegations contained in paragraph 37 of Plaintiffs' Complaint, Defendant denies them.

38. With respect to the allegations contained in paragraph 38 of Plaintiffs' Complaint, Defendant denies them.

39. With respect to the allegations contained in paragraph 39 of Plaintiffs' Complaint, Defendant denies them.

40. With respect to the allegations contained in paragraph 40 of Plaintiffs' Complaint, Defendant denies them.

41. With respect to the allegations contained in paragraph 41 of Plaintiffs' Complaint, Defendant denies them.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

42. With respect to the allegations contained in paragraph 42 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 41 above, as if specifically restated herein.

43. With respect to the allegations contained in paragraph 43 of Plaintiffs' Complaint, Defendant denies them.

44. With respect to the allegations contained in paragraph 44 of Plaintiffs' Complaint, Defendant denies them.

45. With respect to the allegations contained in paragraph 45 of Plaintiffs' Complaint, Defendant denies them.

46. With respect to the allegations contained in paragraph 46 of Plaintiffs' Complaint, Defendant denies them.

47. With respect to the allegations contained in paragraph 47 of Plaintiffs' Complaint, Defendant denies them.

48. With respect to the allegations contained in paragraph 48 of Plaintiffs' Complaint, Defendant denies them.

49. With respect to the allegations contained in paragraph 49 of Plaintiffs' Complaint, Defendant denies them.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

50. With respect to the allegations contained in paragraph 50 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 49 above, as if specifically restated herein.

51. With respect to the allegations contained in paragraph 51 of Plaintiffs' Complaint, Defendant denies them.

52. With respect to the allegations contained in paragraph 52 of Plaintiffs' Complaint, Defendant denies them.

53. With respect to the allegations contained in paragraph 53 of Plaintiffs' Complaint, Defendant denies them.

54. With respect to the allegations contained in paragraph 54 of Plaintiffs' Complaint, Defendant denies them.

55. With respect to the allegations contained in paragraph 55 of Plaintiffs' Complaint, Defendant denies them.

56. With respect to the allegations contained in paragraph 56 of Plaintiffs' Complaint, Defendant denies them.

57. With respect to the allegations contained in paragraph 57 of Plaintiffs' Complaint, Defendant denies them.

58. With respect to the allegations contained in paragraph 58 of Plaintiffs' Complaint, Defendant denies them.

## COUNT IV
**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

59. With respect to the allegations contained in paragraph 59 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 58 above, as if specifically restated herein.

60. With respect to the allegations contained in paragraph 60 of Plaintiffs' Complaint, Defendant denies them.

61. With respect to the allegations contained in paragraph 61 of Plaintiffs' Complaint, Defendant denies them.

62. With respect to the allegations contained in paragraph 62 of Plaintiffs' Complaint, Defendant denies them.

63. With respect to the allegations contained in paragraph 63 of Plaintiffs' Complaint, Defendant denies them.

64. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

## COUNT V
**(Trademark Dilution, 15 U.S.C. § 1125 (c))**

65. With respect to the allegations contained in paragraph 65 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 64 above, as if specifically restated herein.

66. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

67. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

68. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

69. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

70. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

71. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

72. With respect to the allegations contained in paragraph 64 of Plaintiffs' Complaint, Defendant denies them.

## COUNT VI
### (Copyright Infringement, 17 U.S.C. § 501)

73. With respect to the allegations contained in paragraph 73 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 72 above, as if specifically restated herein.

74. With respect to the allegations contained in paragraph 74 of Plaintiffs' Complaint, Defendant denies them.

75. With respect to the allegations contained in paragraph 75 of Plaintiffs' Complaint, Defendant denies them.

76. With respect to the allegations contained in paragraph 76 of Plaintiffs' Complaint, Defendant denies them.

77. With respect to the allegations contained in paragraph 77 of Plaintiffs' Complaint, Defendant denies them.

78. With respect to the allegations contained in paragraph 78 of Plaintiffs' Complaint, Defendant denies them.

79. With respect to the allegations contained in paragraph 79 of Plaintiffs' Complaint, Defendant denies them.

80. With respect to the allegations contained in paragraph 80 of Plaintiffs' Complaint, Defendant denies them.

## COUNT VII
### (Common Law Trademark Infringement)

81. With respect to the allegations contained in paragraph 81 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 80 above, as if specifically restated herein.

82. With respect to the allegations contained in paragraph 82 of Plaintiffs' Complaint, Defendant denies them.

83. With respect to the allegations contained in paragraph 83 of Plaintiffs' Complaint, Defendant denies them.

84. With respect to the allegations contained in paragraph 84 of Plaintiffs' Complaint, Defendant denies them.

85. With respect to the allegations contained in paragraph 85 of Plaintiffs' Complaint, Defendant denies them.

86. With respect to the allegations contained in paragraph 86 of Plaintiffs' Complaint, Defendant denies them.

87. With respect to the allegations contained in paragraph 87 of Plaintiffs' Complaint, Defendant denies them.

88. With respect to the allegations contained in paragraph 88 of Plaintiffs' Complaint, Defendant denies them.

89. With respect to the allegations contained in paragraph 89 of Plaintiffs' Complaint, Defendant denies them.

## COUNT VIII
### (Common Law Unfair Competition)

90. With respect to the allegations contained in paragraph 90 of Plaintiffs' Complaint, Defendant incorporates by reference its answers in paragraphs 1 through 89 above, as if specifically restated herein.

91. With respect to the allegations contained in paragraph 91 of Plaintiffs' Complaint, Defendant denies them.

92. With respect to the allegations contained in paragraph 92 of Plaintiffs' Complaint, Defendant denies them.

93. With respect to the allegations contained in paragraph 93 of Plaintiffs' Complaint, Defendant denies them.

94. With respect to the allegations contained in paragraph 94 of Plaintiffs' Complaint, Defendant denies them.

### FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Defendant denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

1. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

2. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

3. The claims made in the Complaint are barred, in whole or in part, on the basis that any marks and use of the marks at issue are functional.

4. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

5. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

6. Plaintiffs' claims are barred by laches, in that Plaintiffs' have unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions.

7. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

8. Defendant has not infringed any applicable trademarks under federal law or state law.

9. Plaintiffs' claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

10. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

11. Plaintiffs' claims are barred by the doctrine of unclean hands.

12. Plaintiffs' claims for injunctive relief are barred because Plaintiffs' cannot show that it will suffer any irreparable harm from Defendant's actions.

13. The alleged injury or damage suffered by Plaintiffs', if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and is not entitled to seek equitable relief.

14. The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

15. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

16. The claims made in the Complaint are barred, in whole or in part, because Defendant is not liable for the acts of others over whom it has not control.

17. Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiffs and award Defendant the following relief:

1. That the Court dismiss, with prejudice, Plaintiffs' Complaint against Defendant;

2. That the Court award Plaintiff nothing by way of its Complaint;

3. That the Court declare that Defendant has not engaged in trademark counterfeiting, in violation of 15 U.S.C. §1114;

4. That the Court declare that Defendant has not infringed any trademark rights owned by Plaintiffs, in violation of 15 U.S.C. §1114;

5. That the Court declare that Defendant has not infringed any trade dress rights owned by Plaintiffs, in violation of 15 U.S.C. §1125;

6. That the Court declare that Defendant has not engaged in any acts of unfair competition, in violation of 15 U.S.C. §1125;

7. That the Court declare that Defendant has not diluted any trademark rights owned by Plaintiffs, in violation of 15 U.S.C. §1125;

8. That the Court declare that Defendant has not infringed any copyright owned by Plaintiffs, in violation of 17 U.S.C. §501 *et seq.*;

9. That the Court declare that Defendant has not engaged in any acts of unfair competition or trademark infringement, in violation of any state law;

10. That Defendant be awarded its reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

11. That Defendant be awarded further relief as the Court may deem just and proper.

/s/ John S. Artz
John S. Artz (P48578)
DICKINSON WRIGHT PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
Telephone: (248) 433-7200
Facsimile: (248) 433-7274
E-mail:jsartz@dickinsonwright.com

*Attorneys for The Town Peddler, Inc.*

Dated: August 9, 2010

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2010, I filed the foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT TOWN PEDDLER, with the Court using the ECF system, which will send notification of such filing to all attorneys of record.

_____
Christy Williams

BLOOMFIELD 46131-4 1069287