UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH INC., et al.,

        Plaintiff(s),

v.

THE TOWN PEDDLER, INC., et al.,
        Defendant(s).
_____/

Case Number: 10-12152

Hon.  Sean F. Cox

**PARTIES ARE DIRECTED TO PROVIDE A HARD COPY (ON ONE SIDE ONLY) OF ALL MOTIONS, RESPONSES, REPLIES AND EXHIBITS, TABBED, TO CHAMBERS**

## SCHEDULING ORDER

This cause having come before the Court pursuant to Rule 16, Fed. R.Civ.P., the Court therefore enters the following schedule controlling the progress of this case:

NOW THEREFORE, IT IS ORDERED that:

**AMENDMENTS TO COMPLAINT** must be done within **45 days.**

**WITNESSES.**  All witnesses to be called at trial shall be listed by: **APRIL 8, 2011**

**DISCOVERY.**  All discovery shall be completed by: **MAY 10, 2011**

**MEDIATION.**  Stipulation for case evaluation filed by: **MAY 10, 2011**

Case will be ordered to Mediation:   | YES     **xx** NO

**MOTIONS.**  No motions may be filed after: **JUNE 10, 2011**
***SEE ATTACHED PRACTICE GUIDELINES BEFORE FILING ANY MOTION*** If you fail to comply with those guidelines, the motion (or response) will not be considered as timely and will not be heard.

**FINAL PRETRIAL.**  Final Pretrial is scheduled for: **OCTOBER 24, 2011 at 2:00 p.m.**

A proposed Joint Pretrial Statement signed by counsel for all parties, shall be filed with the Court **one week prior** to the Final Pretrial Conference.  The requirements of such a pretrial order are attached.  *All requirements must be complied with.*

*****Note:** Because the main focus of the **Final Pretrial Conference** will be on settlement, counsel must bring their **clients** and any persons with **full settlement authority** with them to the conference.   If you have any questions concerning this matter, please call my Case Manager at (313) 234-2653.

**TRIAL** is scheduled for the months of: **NOVEMBER/DECEMBER 2011**

DATE: November 16, 2010        s/ SEAN F. COX_____
                                        UNITED STATES DISTRICT JUDGE

Copies to: **the attorneys of record**

*** **Motion Practice** ***

    A.    Scheduling

1. Motions to dismiss may be filed at any time. Motions for summary judgment should generally be filed following the close of discovery.

2. After a motion is filed, the casemanager will generally set a date for a hearing. The dates are firm and extensions will be granted only for good cause shown. Again, counsel desiring an extension should contact the case manager.

    B.    Protective Orders

Protective orders shall not be entered routinely. In addition to the requirements under Local Rule 5.3, which are to be strictly followed, a protective order including a provision for filing a pleading, paper or exhibit, etc. under seal shall be subject to the following limitations: The entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which are not to be publically disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential.

    C.    Briefing Guidelines

**1.  Requirements for All Motions.**

The parties must provide the Court with a Judge's Copy of all motions and briefs filed in support of and in opposition to motions.  The parties must also provide the Court with a Judge's Copy of all exhibits filed in relation to a motion.  The Judge's Copy of Exhibits should also be indexed and tabbed.  In addition, on the Judge's Copy of the Exhibits the relevant parts of all exhibits, including deposition transcripts and cases, must be **highlighted.**  The two or three most relevant cases must be attached as exhibits.  Briefs must contain a table of contents and an index of authorities.

**2. Motions for Summary Judgment**

Before filing or responding to motions for summary judgment, the parties are urged to familiarize themselves with *Celotex Corp. v. Catrett*, 477 U.S 317 (1986), *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), and *Matsishita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An excellent summary of these cases appears in Street v. J.C Bradford & Co. 886 F.2d 1472 (6th Cir. 1989).

a. The moving party's papers shall include a separate document entitled **Statement of Material Facts Not in Dispute**. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. The Statement shall include all necessary material facts that, if undisputed, would result in summary judgment for the movant.

b. In response, the opposing party shall file a separate document entitled **Counter-Statement of Disputed Facts**. The counter-statement shall list in separately numbered paragraphs following the order of the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.

c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

d. The statements shall be non-argumentative and avoid the use of color words or distortions of the record in a party's favor. Conclusory, speculative, or conjectural statements in support of a position shall be avoided. Hearsay statements and other inadmissible evidence cannot be considered.

e. Facts stated in the Statement of Material Facts Not In Dispute and Counter-Statement of Disputed Facts shall be supported with appropriate citations to the record, including but not limited to the pleadings, interrogatories, admissions, depositions, affidavits and documentary exhibits. Citations to the record must be **specific**, *i.e.*, cite to a discrete page or portion of deposition testimony or page(s) of documentary evidence, not simply the entire deposition or document. The appropriate portion of the text of a source cited shall be highlighted and filed with the Court as part of an appendix separate from the brief. It is preferred that only the cited excerpts of depositions, as opposed to the entire deposition, be filed. **The text cited shall be placed in proper context**. The appendix shall contain an index and shall be tabbed.

f. The Statement of Material Facts Not In Dispute and Counter-Statement of Disputed Facts are not included in calculating the length of the brief.

g. Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well established legal principles. Instead, counsel should focus their analysis on a few well chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, with the relevant passage highlighted and tabbed. Further exhibits should be highlighted and tabbed (deposition transcripts, documents).

### 3. Other Motions.

Although the above requirements are for motions for summary judgment, counsel are strongly encouraged to follow them to the fullest extent possible for other motions, such as motions for entry of judgment and motions to dismiss.

### 4. Ruling on Motions.

The court endeavors to decide pending motions promptly, ordinarily within three weeks after a hearing, or within two weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending in chambers without resolution for an apparently inordinate time, counsel are asked to notify the court's case manager, in writing (jointly if possible), as to the status of the motion. Such notification is a service that is appreciated by the court.

**5. Page Limits for Briefs.**

The court does not grant motions to extend the page limits for briefs provided under the local court rules, unless warranted by a unique/novel question of law or other extraordinary circumstances.

Any briefs filed in excess of the page limitations set forth in Local Rule 7.1 will be stricken.

**Counsel: Prior to trial please contact the Court Reporter for directions for <u>trial</u> exhibits.**

Case Number_____

Case Caption _____ **v.** _____

Appearance - Plaintiff  _____

Appearance - Defendant  _____

**E X H I B I T S**

| DATE | PLF/DEF NO. | BRIEF DESCRIPTION | OFF'D | REC'D |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  | **S A M P L E** |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**LR 16.2        Joint Final Pretrial Order**

**(a)        Joint Final Pretrial Order.** The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, before the final pretrial conference.  This joint final pretrial order shall fulfill the parties' disclosure obligations under Fed.R.Civ.P. 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order.  Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order.  Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order.  Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption.  The order shall provide for the signature of the Court and, when signed and filed in the Clerk's Office, becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order.  The pretrial order shall not be a vehicle for adding claims or defenses.  The order will not be filed in the Clerk's Office until the Judge has signed it.

**(b)        Contents of Order.**  The joint final pretrial order shall contain, under numbered and captioned headings, the following:

   **(1)        Jurisdiction.**  The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

   **(2)        Plaintiffs' Claims.**  The statement of the claim or claims of plaintiffs shall include legal theories.

   **(3)        Defendants' Claims.**  The statement of the defenses or claims of defendants, or third parties, shall include legal theories.

   **(4)        Stipulation of Facts.**  The parties shall state, in separately numbered paragraphs, all uncontested facts.

   **(5)        Issues of Fact to be Litigated.**

   **(6)        Issues of Law to be Litigated.**

   **(7)        Evidence Problems Likely to Arise at Trial.**  Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P. 26(a)(3). The order shall list all motions *in limine* of which counsel or a party without counsel should reasonably be aware.

   **(8)        Witnesses.**  Each party shall list all witnesses whom that party will call and all witnesses whom that party may call.  This listing shall include, but is not limited to, the disclosures required under Fed.R.Civ.P. 26(a)(3)(A) and (B).  A party may, without further notice, call a witness listed by another party as a "will call" witness.  Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed.  The list shall state whether the witness is an expert and whether testimony will be offered by deposition.  Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.  The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to

list a witness.

**(9)     Exhibits.**  The parties must number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed. R. Civ. P. 26(a)(3)©.  Objections to listed exhibits must be stated in the joint pretrial order.  Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown.  The provisions of Fed. R. Civ. P. 37(c)(1) will apply to a failure to list an exhibit.

**(10)    Damages.**  The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data.  The parties shall stipulate to those damages not in dispute.

**(11)    Trial**

   (A)    Jury or non-jury.

   (B)    Length of trial - Each party shall state how many days it needs to present its case. The trial day starts at 8:30 a.m. and ends at 1:00 p.m..  The court may hold afternoon trial sessions depending on the court's schedule.  You will be held to the number of days you list to present your case.

**(12)    Settlement.**  Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions.  They may state that they wish the Court to schedule a settlement conference.

**(c)    Failure to Cooperate.**  For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

**(d)    Filing of Trial Briefs, Findings and Instructions.**  The joint final pretrial order must further provide that trial briefs and requests for jury instructions must be filed one week before trial and proposed findings of fact and conclusions of law in nonjury cases must be filed one week before trial  unless the court orders otherwise.

**(e)    Additional Requirements.**  A Judge, in an appropriate case, may add additional requirements to the joint final pretrial order, or may suspend application of this Rule, in whole or in part.

**(f)    Juror Costs Attributable to Parties.**  Each party shall also acknowledge that the Court may assess juror expenses under LR 38.2.

   COMMENT: Under LR 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.